617-0864, people of the state of Illinois-Towne by Attorney George Mueller v. Brian Towne, Attorney Section 10-1 Mr. Mueller Thank you, Your Honor If it pleases the court, counsel, Your Honors, Ms. Donnelly, the State's Attorney for South County, is also at counsel table The central issue in this appeal, and the court obviously has ways to avoid addressing it, but the central issue that we would like to have this court address is whether or not the appearance of impropriety standard should continue to survive in Illinois as a reason for removing a duly elected constitutional officer, namely a State's Attorney Before we get there, Mr. Mueller, let me ask, how do we get jurisdiction on this appeal? Well, that's one of the ways that this court can avoid answering the question that we would like answered. And my answer to your question, Justice Schmidt, is twofold. Number one, the court has already decided, in our view, the jurisdiction by granting our Rule 307 petition for leave to file an interlocutory appeal. Let me just suggest it ain't necessarily so. Jurisdiction, as I'm sure you're aware, is not discretionary on our part. We either have it or we don't. The Supreme Court can create their own rules for themselves, but they tell us you have it or you don't. And we have a duty to examine our own jurisdiction. I agree. And the jurisdiction in this case is based upon the fact that it is a civil statute, namely Section 908, dealing with substitution or replacement of a State's Attorney that is on appeal in a criminal case. The fact that the case has a criminal number, as opposed to an MR number, as the previous case by Mr. Town had, shouldn't make any difference. This is not an interlocutory appeal of any issue related to the merits of defendant's guilt or innocence. It's an interlocutory appeal related to interpretation of a civil versus a criminal statute. As such, the court clearly ought to exercise Rule 306 jurisdiction, which, in our view, is based on statutory construction. That rule is so specific. It clearly encompasses these kinds of appeals. Moreover, there are a number of other cases in the past involving newspaper access rights, for example, where there were interlocutory appeals of non-substantive issues. And by non-substantive, I mean related to the guilt or innocence of the defendant in criminal cases. For those reasons, we think the court clearly has jurisdiction. And I understand the Supreme Court can fashion rules as it likes, but, for example, it's now, it is, even in the Miller case, which aggregated truth, relied upon by defendants, it indicated that, well, if Rule 604 doesn't fit, we can use Rule 603 to allow the appeal. Since Rule 604 appeals by the state seem to deal with appeals that effectively end litigation, there's room for a rational interpretation that Rule 306 interlocutory permissive appeals still apply. That having been said, the issue of whether or not appearance of impropriety ought to still be a standard considered in Illinois is, first of all, addressed by the 2016 Amendment of Section 908, which removes the word interest and clearly requires a finding of actual conflict. And that is briefed in an argument not rebutted in defendant's brief. Moreover, there's a national trend toward removing appearance of impropriety, and those cases all suggest that what we're trying to do is eliminate subjective interpretations and the possibilities of those subjective interpretations. Well, the best evidence that this case, as decided by Judge Erickson, is about subjective interpretations is the decision of Judge Erickson. He, number one, admits that he didn't consider actual conflict, even though that's what the statute required. Number two, he made no factual findings of misconduct or impropriety by the state's attorney. So what he did instead was load his opinion with emotionally charged, vague, and sometimes impossible to define terms. Integrity of proceedings, the possibility of perception of conflict, et cetera, et cetera. Similarly, the brief of the defendant is all about those same kinds of emotionally charged, vague, and impossible to objectively define terms. It wants to rehash the political conflict between Mr. Towne and the state's attorney, a conflict that was over at the time all of these proceedings began. It continues to allege bias, prejudgment, and all the like. None of those issues represent actual conflict, nor does the defendant even argue that they represent actual conflict, other than the argument that defendant makes that actual conflict is really synonymous with appearance of impropriety. Unfortunately, cases in sites in support of that argument don't actually support the argument and aren't appropriate to the issues in this case. Mr. Mueller, are you suggesting that there is no place at all for appearance of impropriety in the determination of this issue? You know, Justice McDade, to some degree I am, because even the substitution of judges has rejected appearance of impropriety as a basis for doing it, and that statute actually contains the word interest. The trend is to not use perception, and when we talk about appearance of impropriety, the term that seems to concern jurists throughout the country is the word appearance. And what does that mean? It, by definition, means that there is no reality of impropriety. And in this case, the legislature has dictated that there has to be a finding of actual conflict. And I don't think, and Judge Harrison basically wants to rewrite the legislation and say that the old interpretation of the word interest survives the 2016 amendment. It can't, because the rules of construction indicate that when you amend a statute and delete words, the legislature presumably intends the deletion and the ordinary meaning that one would ascribe to that deletion. So I think in terms of replacing a state's attorney where there is a statute enforced, we ought to certainly apply a standard no more rigorous than replacing a judge, and that one requires proof of actual conflict. And there's discussion in the briefs about what does actual conflict mean, and I think we all understand it typically deals with past or concurrent representation of the same individuals and the like, and probably in terms of the way the issues were framed by defendant, per se conflict would best describe the intent of the legislature in its 2016 amendment. Now, an issue that I think requires special mention is that the opinion of Judge Erickson in this case, doesn't even support a finding of appearance of inappropriate behavior. He lacks factual findings of misconduct, he lacks factual findings of bad faith, he lacks factual findings of actual animus on the part of the state's attorney toward the defendant. Everything in his opinion, and he probably would be the first to admit this, is extrapolation and projection. It is therefore subjective. And I think that what we're asking this court to do is to eliminate the subjectivity that you find in the defendant's brief, that you find in Judge Erickson's decision, and replace it with the requirement that the legislature insert it in the 2016 amendment, namely, proof of actual conflict. If there are no further questions, that's all I have. No, right now you'll have some rebuttal, Mr. Mueller. Thank you. Is it Mr. Vaughn? Yes, sir. Good morning, Your Honor, and please support counsel. The irony of this appeal is that the state would like the courts to interpret the county's code so narrowly as to obliterate any possibility that the appearance of impropriety is a factor that the court should use when considering whether or not to appoint a special prosecutor, yet at the same time ask the court to basically ignore Supreme Court rules that clearly state when this court has jurisdiction to appeal an appeal. I want to first address the jurisdiction issue. Article 6, Section 6 of the Illinois Constitution grants this court jurisdiction over any final order out of the circuit court except for an acquittal in a criminal case, and any interlocutory appeal would be used to the Supreme Court to provide that rule. The Supreme Court Rule 604A1 has clearly stated when, in a criminal case, the state may make an appeal. Nowhere does it say that the state may take an appeal if a special prosecutor has been appointed or a state's attorney has been disqualified. It clearly leaves that silent, and that's important because in Rule 604G, the Supreme Court is clearly providing the defense for the opportunity to file an interlocutor, to request for an interlocutory appeal if the state disqualifies its attorney. And as well, in Rule 60306, it provides either party who's had an attorney disqualified to bring an appeal to determine whether or not the disqualification was proper. And I think that's important when the Supreme Court is set in a civil context or in the defense in a criminal context, that there may be a petition for a legal appeal filed with the appellate court, yet remain silent when the state is disqualified, when the state's attorney is disqualified, because the Supreme Court is saying there's no jurisdiction to challenge that finding. And there's a reason. The state is different as a party than it is a normal individual, whether a criminal defendant or a civil litigant. The state is its sovereignty. It's the people. We elect in the counties our state's attorneys to represent us in criminal matters and in civil matters. We elect the attorney general to represent us on a statewide basis. But the individual attorney is not given individual direction by a party like a civil client would be to proceed, whether or not to settle a case. That discretion is left with the state's attorney. So when the trial court makes its determination that there's either an actual conflict or an interest, there's an interest or there's an appearance of impropriety, it's left to the judge to regulate the practice to make a determination that the state's attorney should be disqualified and a new prosecutor appointed in order for justice to be administered impartially. And so the Supreme Court has clearly stated that in such a situation, it's not to be revisited. And whether or not you would agree with that, you're bound, as Justice Schmitt said, you're bound by the Supreme Court's rules. The Supreme Court can do what it wants with its rules, but you're left to follow them. But I would say that there's good policy reason for why the Supreme Court would prohibit the state from appealing that, and that's simply because the Supreme Court rule under 604, when there is an allocatory appeal, provides a speedy trial if issues are told. And so if the prosecutor, if a speedy trial demand has been filed, which I've stated was not in this case, but if a speedy trial demand has been filed and the prosecutor is found to be, whether actual conflict of interest or appearance of impropriety, the special prosecutor is appointed and the state's attorney decides to appeal, then that just drags on the administration of justice. Well, let me ask you, but it also does seem kind of contrary that there's no right, you know, the state's attorney is an elected official, people in the county elected him or her, and they say, well, it looks like the state's attorney doesn't like the defendant. Well, my guess is most state's attorneys don't like baby rapers, murderers, and people like that. They often get on the news and say, we're going to prosecute this person to the end of the earth, and we're going to put them away and make sure they die. So the fact that the state's attorney may not be especially fond of the defendant really, in reality, is not an unusual situation. Now, and then, of course, if there's no jurisdiction, and again, it's not to point out what we like or don't like, but then that decision by a trial judge to appoint a special prosecutor is virtually unreviewable. Well, virtually, not exactly unreviewable. But, I mean, first, to your point, the trial judge is in the position to make a determination of whether or not the prosecutor has gone beyond what, as you might say, the normal view of a prosecutor is they don't like baby rapists or murderers, and I think none of us do. So the trial court is at least there to make the determination, to review the fact, determine whether or not there is what is the actual conflict of interest and appearance of the crime, and you can keep making that decision, and we'll get to that. But, you know, the trial court's there. So whether or not that's reviewable, there's at least a judge making that determination. Now, for whether or not it's reviewable, I would kind of put the state's attorney's argument at the end of their brief to the Mr. Townsend or the legislature. Well, the state's attorney, the state's attorney's association, go to the Supreme Court and say, you know, we ought to be able to challenge this, and the Supreme Court, by rule, can provide for that. So there is a remedy there. There is also, you know, under the Supreme Court rules, you can file a motion for supervisory order by asking the Supreme Court to challenge it. That's the review of the trial judge. But whether or not this court has jurisdiction in here, the Supreme Court rules are silent. And since they've spoken to every other sort of litigate, civil plaintiff or defendant, or criminal defendant, that they do get a right to appeal, I believe the answer is whether you agree or not the court just lacks jurisdiction to make that determination. Does the decision to disqualify the state's attorney have any bearing at all on the substantive issues in the case? No, absolutely not. Judge Harrison appointed a special prosecutor who was a former state's attorney and circuit court judge, and whomever it would be, the statute provides first you ask the attorney general, then you ask the state's attorney throughout the state. If none of them are willing to take it on, then a special prosecutor can be appointed who is a private attorney. Just one more question. When you disqualify Ms. Donnelly, are you disqualifying the entire office? I believe that the entire office will be disqualified, yes. The special prosecutor becomes the state's attorney for purposes of the sale, whether or not the state, the special prosecutor, wants to firewall certain people and have them, I think that's something that can be worked out with the trial judge. Generically speaking, yes, but there are ways around that, but we're going to the trial judge and the special prosecutor. Doesn't it seem like one of the things that the legislature was concerned about was cost? Yes, but I would like to think the legislature is always concerned with cost. So that's, if they were, we wouldn't be in the jam way. That's true. That's what I would like to believe. But, yeah, and that's first why the legislature has to ask the attorney general and then to ask the other state's attorneys. And only then, if they all decline, and I think most of them declined for cost reasons, then is the special prosecutor appointed. That means the trial judge orders what the rate would be. I think in this order, for instance, there's an hourly rate that was set up, and also a travel rate which is set up to reduce. So, obviously, a special prosecution can become expensive. It's not taken lightly, but at the same time, the interest of impartial administration of justice, I would argue, outweigh concerns over what a particular case may cost. To the overall effect of the criminal justice system at large, it's better to pay some money so the public has confidence that justice is being administrated impartially as opposed to saying, well, it doesn't look good, but let's save a few dollars. And that sort of leads into my next question, which is whether there's any language in the statute on substitution that allows for a discussion about appearance of impropriety. Well, so the statute was amended recently to add the actual conflict of interest language. However, before, it just said that it was interested. So the word interested has been changed to actual conflict of interest. But never before was, quote, appearance of impropriety put into that. Courts have raised that on their own. For instance, People v. Max, which is a 2012 case, the Supreme Court was decided to not agree. In that case, it was a defendant who was on appeal challenging a prior denial of a motion for special prosecutor. The court denied it. But it said that, you know, there is the statute. The statute says there's interest in it. It also says, but also a special prosecutor can be appointed if there's an appearance of impropriety. And that doesn't come from the statute. That comes from a few things. One, the court has the inherent power to, you know, manage, you know, adjudication before it. It can disqualify civil matters. For instance, it can disqualify the defense counsel. It only rules professional conduct, specifically state or the ethical duties of a prosecutor under 3.8. The trial judge will determine that those are being followed, which I think arguably in this case it could be digital. Then that, you know, the court should have the ability under an appearance of impropriety standard to disqualify the prosecutor. Furthermore, due process concerns, you know, an appearance of impropriety is a due process standard. We want justice to be administered fairly, and due process commands that. And if due process, you know, the court has to, you know, must follow the direction of the Constitution. If the Constitution says that justice cannot be administered if there's an appearance of impropriety, then whether or not the legislature has said that there has to be an actual conflict, the court has a duty to uphold the Constitution rather than a legislature-specific statute. I mean, that kind of goes to what the state is trying to say, is that the legislature apparently has the power to draft the statute so narrowly that it can deprive criminal defense of their constitutional rights. Obviously, that can't stand. So are you suggesting that the statute is unconstitutional? No, I'm not. I believe that the statute uses, it just changed from interested to actual conflict of interest. In doing so, the legislature didn't, it just rewrote the statute, but it wasn't trying to imply that the prior standards that the court have read into that statute are different. It just adopted it, but changed the language. It didn't say we're no longer going to have  It has to be actual conflict of interest. The change from interested to actual conflict of interest is rather vague, and you just look at it next to each other. To read in, and by the way, we're getting rid of this sort of due process concern, I think the legislature would need to be a lot more clear if that's what they were intending. Then, if that's the case, then it would be a question of whether it's unconstitutional, but I don't think that that's what the legislature intends to do. But they use the words actual conflict like three or four times. They do. In the revision. There are cases for courts that have taken an actual conflict of interest to also include appearance of impropriety. Again, whether or not the legislature has said actual conflict of interest. The courts before had always read interested and then said, but also there is the appearance of impropriety. Whether the legislature made a change from interested to actual conflict of interest, whether that changed, that doesn't mean that the legislature had the authority to abrogate the court's rulings and what they felt based on their own, the court's own inherent power as well as the commands of due process. I don't think the legislature has the ability to do that, and that's what they tried. Well, one could certainly argue that the court decisions were based on the language of the prior statute. They were. I mean, the people in the Maxwell incident says that along with interested, they do say that also you can disqualify because of an appearance of impropriety that didn't necessarily read into the statute the language of the appearance of impropriety. I mean, it was never. I'll admit I haven't seen a case that clearly says, OK, there's the statutory disqualification and there's common law or constitutional disqualification. I think courts have sort of just viewed that this is how this works. I know counsel in his argument has said that we're using confusing terms that are vague and emotionally charged. And this is really sort of civic stuff that prosecutors should be impartial. They shouldn't have an appearance of impropriety. I'm sorry, I have two minutes. There shouldn't be an appearance of impropriety. So I would likely close by saying that this is a case where there's clearly not jurisdiction. Whether or not the court would think that there should be, the Supreme Court has not provided jurisdiction. So we do not need to get to the merits of the case. However, if you were to get to the merits of the case, it is an abuse of discretion, Sandra, on whether or not there's an actual conflict, if you want to take that narrow interpretation of the statute. And there is. As Judge Erickson found prior to the hearing, before the defense even received it, there was a 31-page investigative report that was delivered to the Ottawa Times, which ran a series of articles about what was in that. That was issued on a FOIA request. The FOIA request didn't even ask for anything that large. And what was actually produced contained stuff that was given to the grand jury or a no-bills trial. That, I think, shows an actual conflict, because now we're trying to take the jury, so to speak, by putting out information that the grand jury could turn a no-bill on. Furthermore, Judge Erickson noted that it was presented to him that the state's attorney would at least be calling one person from their office. The defense would be calling at least three attorneys and three staff from the office, as well as the chairman of the county board. The state's attorney represents the county board. So now the state's attorney is going to be cross-examining her own client. That creates a true classic conflict in this case, as well as the fact that it was pointed out, argued before that Mr. Town had prosecuted a family member. I mean, there's all sorts of actual conflicts with one another. If we were to get to the merits and raise that so narrowly, that even under that standard, it should be, that Judge Erickson should be affirmed. So we would ask that this court dismiss the appeal of the lack of circumstantial, but if it were to address the merits, to affirm the trial court. Thank you. Mr. Mueller, Senator Boehme. Thank you. Counsel states that there are all sorts of actual conflicts in this case. Problem is, those exist in his mind and in his brief and not in the findings of Judge Erickson, who said he did not look for actual conflict and certainly didn't find any. With regard to the FOIA request and the response, Judge Erickson found no bad faith and no misconduct with regard to that request. Moreover, the defendant's remedy, if he feels that FOIA response impaired his ability to a fair trial, is not for a new prosecutor, but to file a motion for change of venue, and certainly that hasn't occurred. As to an assistant state's attorney or other county officers being witnesses, that issue is well settled in the case law that that does not create an actual conflict for a state's attorney. Then counsel says that appearance of impropriety is independent of the word interested, but if you read all of the cases or look at the history of the cases cited in the briefs, you will see that appearance of impropriety emerged as a third interpretation of what the word interested in the form of a written statute meant. The alternative, I suppose, is the argument that is also in the defendant's brief, which is that the judiciary has the inherent power to remove a prosecutor because they believe that his or her continued presence creates an appearance of impropriety. Number one, that renders the statute, Section 9008, a nullity and therefore clearly indicates that there is a separation of powers issues. Number two, there's just no case law support for that extensive of an inherent judicial power. Judges have the ability to manage their courtrooms. They don't have the inherent power to manage the entire court system. They don't have the inherent power on their own initiative to remove a constitutionally elected officer of the executive branch. Then counsel states that, I think there was a question from Justice McDade about costs in regard to that. I wanted to mention that. Judge Erickson, in his opinion, mentioned the balancing test required in the Vander Ark case. If you are going to remove a state's attorney, you need to do a balancing test. And one of those issues was cost. Problem is, his opinion doesn't reflect that he did any balancing. He mentions and pays lip service to the test and then goes on without actually doing the balancing. As I said, the opinion itself is insufficient and his findings are insufficient to support a conclusion of appearance of impropriety, even if this court believes that that standard still survives. Lastly, on the issue of jurisdiction. If this court can read Rules 604 and 306 harmoniously, it should do so. And to the extent that Rule 306 is clearly more narrow, the opportunity is there for that to occur. And what makes that so obvious is that this is the defendant's second attempt to remove Ms. Diamond. In the first attempt, it was prior to his indictment, and clearly, either party would have had the opportunity to appeal that decision. Counsel, just one minute. After the indictment, he now says, well, 604 controls. The case before Judge Erickson is, if you read the record, clearly an extension of what occurred before Judge Corey. Prior to the indictment, Judge Erickson even relied upon Judge Corey's findings. For those reasons, it doesn't make sense and would be unjust to now deny the state the right to appeal a finding that they clearly would have the right to appeal prior to the indictment. And because it is a non-substantive issue relating to the guilt or innocence of the defendant, as defense counsel acknowledged in his argument, it doesn't fall within the purview of Rule 604, which governs substantive appeals by the state. Thank you. Thank you, Mr. Mueller. Mr. Bott, thank you. We'll take this matter under advisement. A written disposition will be issued.